UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TIMOTHY GENE MALONE,

   Petitioner,

v.                                                      Case No. 1:24cv97-AW-HTC

RICKY DIXON,

   Respondent.
_____/

## ORDER TRANSFERRING CASE

Timothy Gene Malone filed a petition under 28 U.S.C. § 2254, challenging his conviction in the Eighth Judicial Circuit Court in and for Bradford County, Florida. Doc. 1 at 1. For the reasons set forth below, the case will be transferred to the Middle District of Florida, which contains the state court of conviction.

Venue for habeas petitions is set forth in 28 U.S.C. § 2241(d), which provides that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Malone is in custody in Blackwater River Correctional Facility, which is within the Northern District of Florida, making venue proper in this District. Malone, however, is challenging a conviction arising from a state court located in the Middle District of Florida,[1] making venue proper in the Middle District. Although venue is proper in both this district and the Middle District, the undersigned finds that the Middle District is the more appropriate forum.

Under 28 U.S.C. §§ 1404(a) and 2241(d), the decision to transfer an action is left to the "sound discretion of the district court." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). The Middle District, being the district of conviction, is the most convenient for witnesses should an evidentiary hearing be necessary. *See Parker v. Singletary*, 974 F.2d 1562, 1582 n.118 (11th Cir. 1992) (courts should give great weight to the convenience of witnesses and ease of access to sources of proof when considering a habeas transfer under § 2241(d)); 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought").

The Middle District is the district where the material events took place and the location where records and witnesses pertinent to the claims are likely to be found. In short, "petitions challenging a conviction preferably are heard in the

---

[1] See https://www.flmd.uscourts.gov/divisions.

Case No. 1:24cv97-AW-HTC

district of conviction," *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968), and nothing in this case militates against following this preference.

Accordingly, it is ORDERED:

The clerk is directed to transfer this case to the Middle District of Florida if no objection is filed by the Petitioner within ten (10) days of the entry of this Order and to close the file in the Northern District of Florida.

DONE AND ORDERED this 20th day of June, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**